The SOUTHERN CALIFORNIA, ARIZONA, COLORADO, AND SOUTHERN NEVADA GLAZIERS ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST, etc., et al. Plaintiffs—Appellees,

v.

Peter SARDAGNA et al., Defendants—Appellants.

No. 99–56731.

D.C. No. CV–99–08045–WJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2001.

Decided April 11, 2001.

randum disposition.

Before BOOCHEVER, SILVERMAN, Circuit Judges, and GEORGE,* District Judge.

## MEMORANDUM **

Appellant Peter Sardagna appeals the district court's order of October 22, 1999, denying his motion to refer the case to a pending arbitration proceeding and granting Appellee Glaziers Trust's motion to consolidate the parties and claims from the pending arbitration in the instant action. Because the parties are familiar with the facts, we will not set them out in detail. This court has jurisdiction to review the district court's order under 9 U.S.C. § 16, and we affirm.

Appellants challenge the district court's application of § 1281.2(c) of the California Code of Civil Procedure, contending that the district court should have resolved its motion under the Federal Arbitration Act. We disagree.

Under the Federal Arbitration Act, contracting parties "are generally free to structure their arbitration agreements as they see fit" and may specify "the rules under which [the] arbitration will be conducted." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior Univ.*, 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). Here, the parties' arbitration agreement provides

---

* The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**756**

that "all questions in respect to procedure…and the enforceability of this Agreement to arbitrate…shall be resolved according to the law of the State of California." Accordingly, the district court correctly determined that Sardagna's motion should be decided under California law.

■ Alternatively, Sardagna contends that even if § 1281.2(c) applies, the district court had no authority under § 1281.2(c) to deny its arbitration request. Sardagna is mistaken.

Section 1281.2(c) provides that "if the court determines that a party to the arbitration is also a party to litigation in a pending court action or special proceeding with a third party…the court may refuse to enforce the arbitration agreement and may order intervention or joinder of all parties in a single action or special proceeding." Here, the district court concluded that because Glaziers' claims implicated third party defendants not subject to the arbitration agreement, joinder was necessary to protect the parties from potentially conflicting, piecemeal resolutions in multiple forums. Plainly, the district court's ruling fell within its discretion under § 1281.2(c).

We express no view regarding the district court's order of March 29, 2001, as that order is not properly before us on appeal, and we decline to consider the invitation to stay the trial.

AFFIRMED.